IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KROY IP HOLDINGS, LLC, | § |
| Plaintiff, | § § § |
| v. | § Civil Action No. 6:11-CV-330 (LED) |
| LOYALTYWORKS INC., FROSCH INTERNATIONAL TRAVEL INC., ACI WORLDWIDE INC., CAPITA TECHNOLOGIES INC., | § § § § **JURY DEMAND** |
| Defendants. | § § § |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT ACI WORLDWIDE INC. TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant ACI Worldwide Corp. (formerly known as "ACI Worldwide Inc.") (hereinafter "ACI"), by and through its undersigned counsel, responds to the allegations and averments in Plaintiff Kroy IP Holdings, LLC's ("Kroy") Original Complaint for Patent Infringement, and provides its affirmative defenses and counterclaim, as follows:

### NATURE OF ACTION

1. ACI admits that the Complaint purports to assert an action for patent infringement against the named defendants, based on the alleged infringement of United States Patent No. 6,061,660 (hereinafter "the '660 patent"). ACI admits that the cover page of the '660 patent states that the patent is entitled "System and Method for Incentive Programs and Award Fulfillment." ACI admits that a copy of the '660 patent was attached to the Complaint as an exhibit. ACI is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in paragraph 1 of the Complaint and, therefore, denies these allegations.

## PARTIES

2. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, therefore, denies these allegations.

3. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, denies these allegations.

4. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, denies these allegations.

5. ACI admits that it is a corporation organized under the laws of Nebraska and has a place of business located at 6060 Coventry Drive, Elkhorn, Nebraska 68022.

6. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and, therefore, denies these allegations.

## JURISDICTION AND VENUE

7. ACI admits the Complaint purports to set forth a patent infringement action arising under the patent laws of the United States, Title 35 of the United States Code §§ 271 and 281-285. ACI admits that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). ACI denies having committed any act of infringement alleged in the Complaint.

8. ACI admits that it has conducted and does conduct business within the State of Texas, and ACI admits that it is subject to this Court's personal jurisdiction. ACI denies the remaining allegations in paragraph 8 of the Complaint directed toward ACI. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward the remaining defendants contained in paragraph 8 of the Complaint and, therefore, denies the remaining allegations.

9. ACI admits that it has conducted and does conduct business within the State of Texas. ACI denies that it has committed the tort of patent infringement within the State of Texas, within the Eastern District of Texas, or elsewhere in the United States. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 of the Complaint and, therefore, denies these allegations.

10. ACI admits that venue is proper in this action, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

11. ACI admits that the cover page of the '660 patent states that the patent was issued on May 9, 2000, by the United States Patent and Trademark Office. ACI denies that the '660 patent was legally issued. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 of the Complaint and, therefore, denies these allegations.

12. ACI denies the allegations in paragraph 12 of the Complaint directed toward ACI. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward the remaining defendants contained in paragraph 12 of the Complaint and, therefore, denies the remaining allegations.

13. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and, therefore, denies these allegations.

14. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and, therefore, denies these allegations.

15. ACI admits that it does offer products and services, including the Retail Commerce Server program. ACI denies that it offers any products or services that infringe the '660 patent and all remaining allegations in paragraph 15 of the Complaint.

16. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and, therefore, denies these allegations.

17. ACI denies the allegations in paragraph 17 of the Complaint directed toward ACI. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward the remaining defendants contained in paragraph 17 of the Complaint and, therefore, denies the remaining allegations.

18. ACI denies the allegations in paragraph 18 of the Complaint directed toward ACI. ACI denies that Plaintiff is entitled to recover damages from ACI for any reason. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward the remaining defendants contained in paragraph 18 of the Complaint and, therefore, denies the remaining allegations.

19. ACI denies the allegations in paragraph 19 of the Complaint directed toward ACI. ACI denies that it has committed any act of infringement, including any allegations of willful or

deliberate infringement. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward the remaining defendants contained in paragraph 19 of the Complaint and, therefore, denies the remaining allegations.

20. ACI denies the allegations in paragraph 20 of the Complaint directed toward ACI. ACI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward the remaining defendants contained in paragraph 20 of the Complaint and, therefore, denies the remaining allegations.

## JURY DEMAND

ACI admits that Plaintiff has made a jury demand.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

ACI denies that Plaintiff is entitled to any relief whatsoever from ACI.

## AFFIRMATIVE DEFENSES

ACI asserts, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, the following defenses and reserves the right to amend its answer as additional information becomes available:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

ACI does not, and did not, directly infringe, or indirectly infringe, by contribution or inducement, any valid and/or enforceable claim of the '660 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

Third Affirmative Defense

Each and every claim of the '660 patent is invalid or void on the grounds that the purported inventions fails to meet the conditions for patentability within the meaning of the patent laws, Title 35 §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

Fourth Affirmative Defense

Plaintiff is estopped from construing the claims of the asserted patents to cover or include, either literally or by application of the doctrine of equivalents, products manufactured, used, imported, sold, or offered for sale by ACI or methods used by ACI because of admissions and statements to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '660 patent, and because of disclosures or language in the specification of the '660 patent and/or limitations in the claims of the '660 patent.

Fifth Affirmative Defense

Plaintiff's claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286, 287. Plaintiff's recovery of costs is limited under 35 U.S.C. § 288.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, ACI, for its counterclaims against Plaintiff, Kroy IP Holdings, LLC, alleges the following:

## THE PARTIES

1. Defendant ACI Worldwide Corp. (formerly known as "ACI Worldwide Inc.") is a Nebraska corporation organized and existing under the laws of the State of Nebraska with a place of business located at 6060 Coventry Drive, Elkhorn, Nebraska 68022.

2. On information and belief, Plaintiff Kroy IP Holdings, LLC ("Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, having a place of business located at 301 South Fremont Avenue, Suite 300, Baltimore, Maryland 21230.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as they arise under an Act of Congress relating to patents.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400. By filing its Complaint, Plaintiff has consented to personal jurisdiction in this District.

6. An actual and justiciable controversy exists between Plaintiff and ACI concerning the non-infringement and invalidity of the United States Patent Nos. 6,061,660 (hereinafter "the '660 patent") by virtue of Plaintiff's allegation of infringement.

## DECLARATORY JUDGMENT COUNTERCLAIMS

### Count 1 – Declaration of Non-Infringement

7. ACI incorporates by reference the allegations in paragraphs 1-6 of its counterclaims as if fully set forth herein.

8. ACI has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '660 Patent, nor is ACI directly infringing, contributing to infringement, or inducing infringement of any valid claim of the '660 Patent.

9. ACI is entitled to a declaratory judgment that it has not infringed, and is not infringing any valid and/or enforceable claim of the '660 Patent, directly or indirectly.

### Count 2 – Declaration of Invalidity

10. ACI incorporates by reference the allegations in paragraphs 1-9 of its counterclaims as if fully set forth herein.

11. The claims of the '660 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112.

12. ACI is entitled to a declaratory judgment that the claims of the '660 Patent are invalid.

## PRAYER FOR RELIEF

13. WHEREFORE, ACI respectfully requests that this Court enter judgment against Plaintiff as follows:

(a) Dismissing Plaintiff's Complaint with prejudice in its entirety;

(b) Denying all remedies and sought-after injunctive relief by Plaintiff in its Original Complaint;

(c) Declaring that ACI has not and does not infringe any claim of the '660 Patent;

(d) Declaring that ACI has not and is not inducing infringement of any claim of the '660 Patent;

(e) Declaring that ACI has not and is not contributing to the infringement of any claim of the '660 Patent;

(f) Declaring that ACI has not and is not willfully infringing any claim of the '660 Patent;

(g) Declaring that each and every claim of the '660 Patent is invalid;

(h) Declaring that the '660 Patent is unenforceable;

(i) Declaring that the Court award ACI reasonable attorney's fees and costs incurred in this action, pursuant to 35 U.S.C. § 285; and/or

(j) Granting ACI such other and further relief that this Court deems just and proper.

**DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38, ACI demands a jury to hear its counterclaims.

Dated:  September 19, 2011

Respectfully submitted,

/s/ Nathaniel St.Clair, II
Robert W. Kantner
Lead Attorney
rwkantner@jonesday.com
State Bar No. 11093900
Nathaniel St. Clair, II
nstclair@jonesday.com
State Bar No. 24071564
**JONES DAY**
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

ATTORNEYS FOR DEFENDANT
ACI WORLDWIDE INC.

### CERTIFICATE OF SERVICE

The undersigned certifies the foregoing document was filed electronically on September 19, 2011, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ Nathaniel St.Clair, II
Nathaniel St.Clair, II